[No. 9725. Department One. — March 14, 1888.]

## MOSES ELLIS, RESPONDENT, v. WILLIAM B. BRADBURY, APPELLANT.

LEASE — COVENANT TO PAY TAXES — BREACH OF — ALLEGATION OF ASSESSMENT — PLEADING. — In an action by a lessor for the breach of a covenant by the lessee to pay taxes, it is not essential to the statement of a cause of action that the complaint should specifically allege all the steps necessary to constitute a valid assessment. A general allegation in the complaint showing that the demised premises were assessed for state and county purposes, and the amount of the taxes due thereon, is sufficient, when tested by a general demurrer.

ID. — COVENANT RUNS WITH LAND. — A covenant by a lessee to pay taxes on the demised premises runs with the land, and is divisible.

ID. — LIABILITY OF ASSIGNEE HOW DETERMINED. — Where a lease contains a covenant by the lessee to pay taxes, an assignee of a portion of the leased premises, which are assessed as a whole, is liable for the taxes assessed thereon in the proportion that the value of the land assigned to him bears to the whole of the leased premises.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought by a lessor against an assignee of a portion of the leased premises to recover for the breach of a covenant by the lessee to pay taxes. The leased premises consisted of certain lots in the city and county of San Francisco, an irregular portion of one of which the lessee had assigned to the defendant. On the trial, the proportion of the taxes assessed on the lot for which the defendant was liable was determined by multiplying the number of front feet in the portion assigned by the rate of assessment per front foot on the whole lot. The court rendered judgment against the defendant, from which, and from an order refusing a new trial, he appeals. The further facts are stated in the opinion of the court.

*Joseph R. Brandon*, for Appellant.

The complaint should have specifically alleged the several facts necessary to constitute a valid assessment.

(*People* v. *Hastings,* 29 Cal. 449; *People* v. *S. F. Savings Union,* 31 Cal. 132; *Kelsey* v. *Abbott,* 13 Cal. 609; *Emeric* v. *Alvarado,* 64 Cal. 604; *Jerome* v. *Stebbins,* 14 Cal. 457; *People* v. *Waterman,* 31 Cal. 412.)   The method of apportioning the amount of the tax payable by the defendant was erroneous.   (Civ. Code, sec. 1467.)

*T. C. Van Ness,* for Respondent.

The averment in the complaint as to the assessment and non-payment of the taxes is sufficient.   (*Riddell* v. *Harrell,* 71 Cal. 254; *Babcock* v. *Goodrich,* 47 Cal. 488; *Harnish* v. *Bramer,* 71 Cal. 155; *Gimmy* v. *Gimmy,* 22 Cal. 633; *Cal. S. N. Co.* v. *Wright,* 6 Cal. 258; *People* v. *Plowden,* 8 Pac. Rep. 68; *People* v. *Todd,* 23 Cal. 183.) The covenant to pay taxes runs with the land, and binds the assignee of the lease by virtue of privity of estate. (*Salisbury* v. *Shirley,* 53 Cal. 461.)   Such covenant is divisible and binding on an assignee of part of the leased premises.   (Wood on Landlord and Tenant, sec. 311; *Williams* v. *Craig,* 2 Edw. Ch. 297.)

TEMPLE, J.—Plaintiff, by indenture in writing, leased to Samuel Tyler certain lots of land in San Francisco for a term of fifteen years.   The lessee covenanted to pay all taxes levied or imposed upon said premises, or any part thereof, or upon the owner on account thereof.   The lessee assigned all his right, title, and interest in said indenture as to a portion of one of said lots leased to the defendant, Bradbury.   This action is to recover a proportion of the taxes on the whole lot, levied after such assignment, and alleged to have been ·paid by plaintiff under authority given in the lease.

In addition to the covenant on the part of the tenant to pay the taxes when they became due, the lease provides that:—

"If any of said taxes, charges, assessments, or impositions should become due and payable and remain unpaid,

and the said demised property should be offered for sale, then the party of the first part may pay the same; or if said premises, or any part thereof, should be sold, then the party of the first part may redeem the property so sold therefrom; and all sums of money by said party of the first part paid as aforesaid shall be repaid by the party of the second part within ten days, with interest at the rate of two per cent per month."

To this complaint a general demurrer was interposed, and the point is made that the steps necessary to constitute a valid assessment are not specifically set forth. It is alleged in general terms that the whole of the lot in question was assessed for state and county taxes, and that the proportionate amount of taxes due upon the portion sublet to defendant is a certain sum. This suit is upon a covenant in the lease, and the assessment is a collateral matter. Under such circumstances, we think the complaint not obnoxious to a general demurrer.

We think the covenant was one running with the land, and was divisible, but we think the method adopted to ascertain the proportionate tax upon the portion sublet was clearly erroneous. Property is assessed in proportion to its value, and the division should be made on that basis. The court cannot assume that each portion of the lot had the same value per front foot; especially where, as in this case, the portion sublet had less depth than the remaining portion. Upon this question the method followed by the assessor was an entirely immaterial circumstance. That might or might not be a correct mode of ascertaining the value of the whole lot; but it would not follow that it would be a proper criterion of the relative value of the portion sublet to defendant. Defendant is not sued upon the covenant for allowing the tax to become delinquent, or a sale of the property to be made. The action is for money laid out and expended for his use, and since it was his duty to pay when it became due and payable, and the lessor had an inter-

est in its payment, we think he could recover it with interest, after demand.

The case will have to be reversed, however, for the error above specified.

Judgment and order reversed, and new trial ordered.

McKINSTRY, J., and PATERSON, J., concurred.